UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1–9 and PARENT DOES 1–5,<br><br>*Plaintiffs*,<br><br>v.<br><br>KAPPA ALPHA THETA FRATERNITY INC.; BETA SIGMA FACILITY CORPORATION; BETA SIGMA CHAPTER,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-cv-1782 |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in this case seek an extension or modification of a state-court temporary restraining order against the defendants. [Doc. No. 7.] For the reasons explained below, the Court **GRANTS** the plaintiffs' motion.

## I. Background

The plaintiffs are nine students at Southern Methodist University and five parents of those students. The defendants are Kappa Alpha Theta Fraternity, Inc.; Beta Sigma Facility Corporation; and Beta Sigma Chapter—which the Court will refer to collectively as "the sorority." The plaintiffs allege that in February 2022 they signed housing agreements with the sorority, and that the sorority promised to provide on-campus housing at the sorority house beginning on August 20, 2022.

In the summer of 2022, the sorority told the plaintiffs that their spots at the sorority house may not be available and encouraged the plaintiffs to find alternative

housing. In response, the plaintiffs filed suit against the sorority in Dallas County Court on July 26, alleging breach of contract, fraud and/or fraudulent inducement, negligent misrepresentation, promissory estoppel, and money had and received. The plaintiffs allege that the sorority repeatedly represented to them that they could live at the on-campus sorority house and that Southern Methodist University requires them to live on-campus for two years. They also allege that on-campus housing is at capacity.

The plaintiffs also sought a temporary restraining order against the sorority, which the state court granted. The state court found that the sorority had entered into a valid contract with the plaintiffs to provide housing to them, and that the plaintiffs would suffer irreparable harm absent a temporary restraining order. So, the state court enjoined the sorority and all of its agents from "1. Not providing residential housing to the Student Does [Jane Does 1–9] at the house located at 3108 University Boulevard, Dallas, Texas 75205; and 2. Assigning or transferring the rights of the Student Does [Jane Does 1–9] to reside at 3108 University Boulevard, Dallas, Texas 75205."[1] The state court entered the temporary restraining order on July 31, 2022, which was set to expire today, August 17, 2022 at 2:00 pm—when the state court was to hold a hearing on the plaintiffs' request for a temporary injunction.

But the sorority had other plans. On August 15, it removed the case to this Court on the basis of diversity jurisdiction. Yesterday, August 16, the plaintiffs filed

[1] Doc. No. 1-5 at 231.

an emergency motion to remand and an emergency motion for a temporary restraining order. The sorority has not responded to either motion.

In their motion for a temporary restraining order, the plaintiffs ask the Court to extend or modify the state-court's temporary restraining order to the earliest date of a preliminary injunction hearing in this Court, fourteen days, or two full business days after this Court rules on their motion to remand.

## II. Governing Law

Temporary restraining orders are a "highly accelerated and temporary form of preliminary injunctive relief."[2] Thus, movants must establish the same four elements as for a preliminary injunction: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury, which would occur if the injunction is denied, outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest.[3] Unlike preliminary injunctions, temporary restraining orders are restricted to "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer."[4]

Title 28 U.S.C. section 1450 states that "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect

---

[2] *Champion Nat'l Sec., Inc. v. A&A Sec. Grp., LLC*, No. 3:21-CV00528-M, 2021 WL 1400979, at *3 (N.D. Tex. Apr. 13, 2021) (Lynn, J.).

[3] *Id.*

[4] *Sunbelt Rentals, Inc. v. Holley*, No. 3:21-CV-3241-N, 2022 WL 827126, at *3 (N.D. Tex. Mar. 18, 2022) (Godbey, J.).

until dissolved or modified by the district court." "Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of a case which arises whenever cases are removed from state to federal court."[5] "[I]njunctions[] and other orders . . . obtained in state court all remain effective after the case is removed to federal court."[6] This is to make sure that the "various rights of the parties will not lapse upon removal."[7]

Now enter Federal Rule of Civil Procedure 65. "Rule 65(b) allows a Court to extend the temporary restraining order once for a total of fourteen days" if the Court finds good cause for an extension.[8] "Ultimately, the relationship between [section] 1450 and Rule 65 has been narrowed to one simple proposition: '[a]n *ex parte* temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law, but in no event does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal.'"[9]

---

[5] *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 U.S. 423, 435 (1974).

[6] *Id.* at 436.

[7] *Id.*

[8] *Elepreneurs Holdings, LLC v. Benson*, No. 4:21-CV-00026, 2021 WL 134098, at *2 (E.D. Tex. Jan. 14, 2021).

[9] *Id.* at *1 (quoting *Granny Goose Foods, Inc.*, 415 U.S. at 439–40). Obviously, *Granny Foods* involved a state-court-issued *ex parte* temporary restraining order. Here, the state court's order was not granted *ex parte*, while this extension will be. But this fact makes no difference for the analysis; if anything, it makes the plaintiffs' argument for an extension even stronger, because the sorority already had an opportunity to oppose the initial temporary restraining order—and the sorority lost. The fact that the sorority has not yet responded to the plaintiffs' motion(s) in this Court is a consequence of the sorority's removal strategy and timeline.

## III. Analysis

The Court finds that good cause exists to extend the state court's temporary restraining order. There are at least two reasons. First, less than forty-eight hours before the state court's temporary restraining order was to expire, the sorority removed the case to federal court—even though the sorority could have done so at any time since July 26. Because the state court's order is set to expire today but the sorority has deprived the state court of the opportunity to extend its order (or to provide any other just relief) at the hearing that was also set for today, the Court finds that the only way to prevent a manifest injustice is to extend the state court's order and give the parties more time to brief and the Court more time to consider the plaintiffs' motion to remand and other pleas for relief. As another court explained in similar circumstances: "It would be inequitable for Plaintiff to lose a lawfully obtained injunction issued by the state court simply based on the circumstances of scheduling issues. The injunction should continue or not based on its merits, not as a result of strategy."[10]

Second, the state court has already determined not only that the plaintiffs meet the requirements for a temporary restraining order, but also that the plaintiffs have "clearly" done so.[11] "Although pre-removal state-court rulings cannot set the law of the case in federal court, they are entitled to some deference during post-removal

---

[10] *Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1010 (S.D. Ohio 2007).

[11] Doc. No. 1-5 at 230.

proceedings."[12] Here, appropriate deference to the state court's order requires extending it to prevent injustice.

## IV. Conclusion

Because the Court finds good cause to extend the state court's temporary restraining order, the Court **GRANTS** the plaintiffs' motion. The Court **ORDERS** that the existing temporary restraining order shall remain in full force and effect through the earliest of (a) the Court's ruling on the plaintiffs' emergency motion to remand, (b) the expiration of the fourteenth day following issuance of this Order, or (c) the Court's ruling on the plaintiffs' application for a preliminary injunction.

**IT IS SO ORDERED** this 17th day of August, 2022.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

[12] *Xtria, LLC v. Int'l Ins. All., Inc.*, No. 309-CV-2228-G, 2009 WL 4756365, at *5 (N.D. Tex. Dec. 11, 2009); *see also Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 n. 11 (5th Cir. 2002).