UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOES 1, 2, 3, 4, 5, 6, 7, 8, and 9 and PARENT DOES 1, 2, 3, 4, and 5 § § § | |
| v § | NO. 3:22-CV-01782-M |
| § | |
| KAPPA ALPHA THETA FRATERNITY, INC. and BETA SIGMA CHAPTER of KAPPA ALPHA THETA FRATERNITY, INC., and BETA SIGMA FACILITY CORPORATION OF KAPPA ALPHA THETA FRATERNITY, INC. § § § § § § § § | |

### FACILITY CORP.'S MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER AND MOTION FOR EMERGENCY HEARING

Defendant Beta Sigma Facility Corporation of Kappa Alpha Theta Fraternity ("Facility Corp.") files this Motion to Dissolve Temporary Restraining Order, as authorized by Federal Rule of Civil Procedure 65(b)(4).

### INTRODUCTION

1. Contrary to the representations in Plaintiff's "Emergency" Motion to Modify the TRO (Doc. No. 4), Facility Corp. was and is *opposed* to the relief sought by the Plaintiffs in that motion. Plaintiff's representation that Facility Corp. consented to that Motion is **false**. Facility Corp. was never consulted regarding the relief sought by the Plaintiffs in their Emergency Motion to Modify Temporary Restraining Order, and any consent to the Motion provided by Facility Corp.'s former counsel was made without authorization.

2. The TRO should be dissolved because it will require Facility Corp. to breach the terms of its ground lease with SMU, and thus puts Facility Corp. at risk of having its ground lease *terminated*. Likewise, allowing the Plaintiffs to reside at the facility would

1

constitute a violation of Facility Corp.'s own Bylaws, which would entitle the national fraternity organization, Kappa Alpha Theta Fraternity, Inc. ("Theta"), to take control of Facility Corp.'s assets. Thus, rather than preserving the status quo, the TRO significantly modifies the parties' rights with potentially fatal consequences for Facility Corp.

3.      Finally, despite the styling of Plaintiffs' Motion to Modify the TRO as an "Emergency" motion, and despite requirement that the Plaintiffs plead a "substantial threat of irreparable harm," Plaintiff's Original Petition does not contain any factual support for a claimed emergency. Plaintiff's bare and conclusory suggestion that college students should not be "scrambling for housing" in the week before classes is the only reference to an emergency that can be found in the Motion. *See Pls' Orig. Pet.* at ECF Doc. No. 7, p. 1.

## BACKGROUND FACTS

4.      On July 26, 2022, Plaintiffs Jane Does 1, 2, 3, 4, 5, 6, 7, 8, and 9 ("Student Does") and Parent Does 1, 2, 3, 4, and 5 ("Parent Does") filed suit in the County Court at Law No. 1, Dallas County Texas; Cause No. CC-22-03989-A; seeking monetary damages and injunctive relief based on allegations of breach of contract, fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel and detrimental reliance, and money had and received. *See Pls' Orig. Pet.* at ECF Doc. No. 1-5, p. 1-26.

5.      On July 31, 2022, the County Court at Law No. 1 entered a Temporary Restraining Order restraining Facility Corp. from "[n]ot providing residential housing to the Student Does at the house located at 3108 University Boulevard, Dallas, Texas, 75205. *See Temporary Restraining Order* at ECF Doc. No. 1-5, p. 231.

6.      On August 15, 2022, defendant Kappa Alpha Theta Fraternity, Inc. ("Theta") removed the foregoing action to this Court pursuant to 28 U.S.C. §§ 1441 and 1332 thereby

automatically staying the state court action.

## MOTION FOR EMERGENCY HEARING

7. In contrast to Plaintiffs contrived claims of an "emergency" necessitating entry of a TRO, Facility Corp. faces a real and immediate emergency, as Plaintiffs are scheduled to move into the facility on August 20, 2022. *See Pls' Orig. Pet.* at ECF Doc. No. 1-5, ¶73.

8. If forced to comply with the TRO by providing housing to the still-unnamed Plaintiffs, Facility Corp. will be in breach of its agreements with both SMU and Theta, with both reserving rights to terminate Facility Corp.'s rights to continued possession and management of the facility.

9. Rule 65(b)(4) of the Federal Rules of Civil Procedure provides that in circumstances such as this, on two (2) days notice – or on shorter notice set by the court – the adverse party, in this instance the Facility Corp., may appear and move to dissolve or modify the order. Fed. R. Civ. P. 65(b)(4). The court <u>must</u> then hear and decide the motion as promptly as justice requires. *Id*. Accordingly, Facility Corp. seeks a hearing to dissolve the Temporary Restraining Order on August 18, 2022 or as early as possible on August 19, 2022.

## MOTION TO DISSOLVE TEMPORARY RESTRAINING ORDER

<u>Plaintiff Cannot Satisfy *Any* of the Elements Required for a TRO</u>

10. The Court should dissolve the TRO because the Plaintiff cannot establish any of the requirements for such relief under federal law. There are four prerequisites for the extraordinary relief of a TRO under federal law. A court may grant a TRO only when the movant establishes that all four of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the TRO is not granted; (3) the potential injury to the movant outweighs the threatened harm to the defendant; and (4) granting the TRO

will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (en banc). If a party fails to meet any of the four requirements, a court is not permitted to grant the TRO. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

<u>No Substantial Likelihood of Success on the Merits</u>

11. First, Plaintiffs' pleadings in their Original Petition are insufficient to establish a substantial likelihood of success on the merits, as they have failed to plead specific facts giving rise to their asserted claims of breach of contract, fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel and detrimental reliance, and money had and received. Indeed, the Plaintiffs cannot plead such facts because there is no contractual privity between them and Facility Corp., Facility Corp. has not made *any* representations to the Plaintiffs, and the Plaintiffs have not given any money to Facility Corp.

12. Plaintiffs have misstated the facts in order to suggest that they have a contractual relationship with Facility Corp. But Facility Corp. is not a party to any agreements with the Plaintiffs, as Facility Corp. does not enter into any agreements with the members of the Fraternity. Facility Corp. is a completely separate entity from Theta and its local chapter, known as Beta Sigma Chapter of Kappa Alpha Theta Fraternity (the "Chapter").

13. Facility Corp.'s only connection to the Chapter, contractually or otherwise, is its lease agreement with the Chapter. *See* Chapter-Corporation Lease. This lease is for a single year, and provides for annual rent of $343,668.00, payable in two installments of $171,834.00, the first on September 15, 2022 and the second on February 15, 2023. *See id.* at p. 2.

14. The Plaintiffs and other members of the Chapter enter into Room Rental Licenses with the Chapter, but Facility Corp. is **not** a party to those Room Rental Licenses. *See* Declaration of Paulette Mueller, attached hereto as Exhibit A, ¶7. Facility Corp. does not collect rent or other payments from the members of the Chapter, and it is not involved in the activities or management of the Chapter. *Id.* Indeed, Facility Corp. has no interaction with the Chapter's members, as there is no reason for any such interaction. This is why Plaintiffs' Original Petition is devoid of any specific facts referring to specific acts or representations by Facility Corp. or its officers.

15. As there is no contractual privity between Facility Corp. and any of the Plaintiffs, the Plaintiffs cannot sue Facility Corp. for breach of contract. Furthermore, as Facility Corp. does not interact or collect payments from the Chapter's members, there is no basis upon which the Plaintiffs could base their claims of fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel and detrimental reliance, and money had and received.

No Substantial Threat of Irreparable Harm

16. Plaintiffs have also failed to plead specific facts that demonstrate "a substantial threat of irreparable harm." Plaintiff's bare and conclusory suggestion that college students should not be "scrambling for housing" in the week before classes is the only reference to irreparable that can be found in the Motion. *See Pls' Emergency Motion to Modify Temporary Restraining Order* at ECF Doc. No. 7, p. 1. And their Petition is even more devoid of factual support for irreparable harm. Plaintiffs plead only that "the late notice of losing housing requires Student Doe Renters to look for alternative housing – including potential housing that

is not as safe as on-campus housing." *Pls' Orig. Pet.* at ECF Doc. No. 1-5, ¶74. Plaintiffs do not plead that they have been unable to find suitable alternative housing, that the available housing is actually unsafe, or any other irreparable harm. They simply plead that they had to look for such an alternative, and this does not meet the applicable standard.

Potential Injury to the Plaintiffs Does Not Outweigh the Threatened Harm to Facility Corp.

17. Similarly, Plaintiffs have failed to plead specific facts supporting a finding that "the potential injury to the movant outweighs the threatened harm to the defendant." Here, it is essential to understand that Facility Corp. does not own the property upon which the facility is located. Instead, Facility Corp. was granted a ground lease for the property that runs through December 31, 2059. *See* First Amendment to Lease Agreement, attached hereto as Exhibit A-2; *see also* Original Ground Lease, attached hereto as Exhibit A-3.

18. That ground lease incorporates a requirement that Facility Corp. comply with SMU's rules as a material condition of the lease, requiring that the property "shall be used strictly in accordance with the [Southern Methodist] University Policies, rules, restrictions and terms of the governing authorities of [SMU]." Exhibit A-2 at ¶12. The lease further provides that SMU "shall have the right to prescribe and impose additional restrictions and rules from time to time as the governing authorities of [SMU] may deem proper to insure orderly conduct and proper discipline on the part of the…occupants of said premises." *Id.* In the event of a breach of the ground lease, SMU is entitled to terminate the lease, with all of Facility Corp.'s rights reverting to SMU. *Id.* at ¶11(b).

19. Similarly, Facility Corp.'s Bylaws provide that Facility Corp. "shall be managed and conducted in accordance with such rules and standards as [Theta] shall

periodically establish." *See* Bylaws of Theta Educational Foundation of Southern Methodist University, attached hereto as Exhibit A-4, at Article VII, Section 1.[1] In the event that Facility Corp. fails to comply with this provision, Theta is permitted to take control of Facility Corp.'s assets.

20. On July 26, 2022, SMU and Theta entered into an Agreement for Organizational Accountability providing for a two-year suspension of the Chapter's existence and activities on SMU's Campus. *See* Exhibit B. That Agreement provided for Facility Corporation to "work with SMU to opertae or sub-lease living space in the Chapter facility…as an SMU student residential facility during the 2022-2023 and 2023-2024 academic years." *Id.* at ¶3(b). The agreement also imposed a requirement that "use of the Chapter House will be limited to housing female SMU students who are not current or former members of the Chapter, or Kappa Alpha Theta." *Id.*

21. These were the new rules of SMU and Theta, and Facility Corp. has legal obligations to both entities to follow those rules.

22. If Facility Corp. is required to provide residential housing to the Plaintiffs, as required by the TRO, Facility Corp. will be in breach of its ground lease with SMU, which is not a party to this lawsuit and is not subject to the TRO. In addition, providing housing to the Plaintiffs would constitute a violation of Facility Corp.'s own bylaws and entitle Theta to take control of Facility Corp.'s assets.

The TRO is Overbroad

23. The TRO is improperly overbroad so long as the Plaintiffs remain anonymous.

---

[1] Facility Corp. was known as Theta Educational Foundation of Southern Methodist University until 2014, when its name was changed to Beta Sigma Facility Corporation of Kappa Alpha Theta. *See* Certificate of Fact, attached hereto as Exhibit A-5.

While the rules require an injunction to be narrowly tailored, the anonymity of the Student Does prevents Facility Corp. from restricting its application to only those 9 Student Does who are plaintiffs in this suit. This is significant because the Agreement between SMU and Theta remains in force with regard to all members and former members of the Fraternity who are not plaintiffs in this suit. Thus, SMU, Theta, and Facility Corp. all have a right to exclude those non-plaintiffs from residing in the facility. But there is no way for Facility Corp. to exercise that right without risking violation of the TRO by excluding a plaintiff from the property.

Plaintiffs Fail to Satisfy the Standard to Obtain a Mandatory Injunction

24.   Plaintiffs have failed to satisfy the heightened standard required to obtain a <u>mandatory</u> injunction. While the language of the TRO is framed as if it is merely a prohibitory injunction, which seeks only to preserve the status quo, it is apparent that the TRO is actually a *mandatory* injunction.[2] But mandatory injunctions (i.e., injunctions that compel a party to take an affirmative act), should not be granted except in "rare instances" where the plaintiff satisfies its burden of showing clear entitlement to the relief under the facts and the law. *Exhibitors Poster Exch. Inc. v. National Screen Serv. Corp.*, 441 F.2d 560 (5th Cir. 1971) (per curiam); *Justin Indus. v. Choctaw Sec. L.P.*, 747 F. Supp. 1218, 1220 (N.D. Tex.), aff'd, 920 F.2d 262, 268-269 (5th Cir. 1990). Plaintiffs have failed to satisfy this heightened standard in this case, and for the foregoing reasons, the TRO should be dissolved.

---

[2] The TRO is framed as if it is a mere restraint on Facility Corp.'s actions—"[n]ot providing residential housing to the Student Does at the house located at 3108 University Boulevard…" See Temporary Restraining Order at ECF Doc. No. 1-5, p. 231. But it is apparent that the TRO actually *compels* Facility Corp. to take certain actions—namely, to open its doors and provide housing to an unlimited number of current and former members of the Fraternity.

## CONCLUSION

For the foregoing reasons, Defendant Beta Sigma Facility Corporation of Kappa Alpha Theta Fraternity requests that the Temporary Restraining Order entered by County Court at Law No. 1, Dallas County, Texas, on 31st of July, 2022, and extended by Order of the United States District Court for the Northern District of Texas, Dallas Division on August 17, 2022, be dissolved and Defendant be found entitled to such other and further relief as the court deems justifiable.

Respectfully submitted,

_____
John M. Lynch
Texas Bar No. 24063968
John.Lynch@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7124 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT
BETA SIGMA FACILITY CORPORATION
OF KAPPA ALPHA THETA**

**Certificate of Service**

      I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on August 17, 2022, *via CM/ECF*, on the following:

| | |
|---|---|
| Rogge Dunn<br>dunn@trialtested.com<br>Greg McAllister<br>mcallister@roggedunngroup.com<br>ROGGE DUNN GROUP, PC<br>500 N. Akard Street, Suite 1900<br>Dallas, TX 75201<br>***Attorneys for Plaintiffs*** | Robert A. Bragalone<br>bbragalone@grsm.com<br>Jason E. Winford<br>jwinford@grsm.com<br>GORDON & REES<br>2200 Ross Ave, Suite 3700<br>Dallas, TX 75201<br>***Attorneys for Defendant***<br>***Kappa Alpha Theta Fraternity, Inc.*** |

                                                                                                           _____
                                                                                                           John M. Lynch