UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JANE DOES 1, 2, 3, 4, 5, 6, 7, 8, and 9 and PARENT DOES 1, 2, 3, 4, and 5 § § § | |
| v § | NO. 3:22-CV-01782-M |
| § § | |
| KAPPA ALPHA THETA FRATERNITY, INC. and BETA SIGMA CHAPTER of KAPPA ALPHA THETA FRATERNITY, INC., and BETA SIGMA FACILITY CORPORATION OF KAPPA ALPHA THETA FRATERNITY, INC. § § § § § § § § | |

**FACILITY CORP.'S RESPONSE TO MOTION TO REMAND**

Defendant Beta Sigma Facility Corporation of Kappa Alpha Theta Fraternity ("Facility Corp.") files this Response in Opposition to Plaintiffs' Emergency Motion to Remand (Doc. No. 4).

### INTRODUCTION

1.  Plaintiffs' Motion to Remand should be denied because this Court has jurisdiction pursuant to 28 U.S.C. § 1332. This Court has diversity jurisdiction because (a) the amount in controversy exceeds $75,000; (b) Facility Corp. has been improperly joined; and (c) all properly joined parties are diverse.

1

## ARGUMENTS AND AUTHORITIES

A.  <u>Facility Corp. Has Been Fraudulently Joined In This Suit</u>

2. Federal diversity jurisdiction exists over this action because all parties, excluding those which have been improperly joined, are diverse. The federal removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Subsection (b) of the removal statute specifies that suits not arising under federal law are removable "if none of the parties in interest <u>properly</u> joined and served as defendants is a citizen of the State in which such action is brought." *Id.* at § 1441(b) (*emphasis added*). Here, Facility Corp. has demonstrated that it was improperly joined.

3. The Fifth Circuit has recognized two manners in which a defendant may establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc), *cert. denied* 544 U.S. 922, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005). Only the second manner is at issue in this suit. In determining whether the plaintiff has a reasonable basis for recover under state law, courts will conduct a Rule 12(b)(6) analysis. *Id.* The test, then, is whether the plaintiff has any reasonable (not merely theoretical) possibility of recovery against the in-state defendant. *Id.*; *Campbell v. Stone Ins., Inc.,* 509 F.3d 665, 669 (5th Cir. 2007). The focus of this analysis "is on plaintiff's pleadings at the time of removal…with new claims or theories of recovery disregarded." *Akerblom v. Ezra holdings Ltd, et al.*, No. 12-20182, p. 7, 2013 U.S. App. Lexis 1911 *10-11 (5th Cir., Jan. 28, 2013).

4. Plaintiffs have no reasonable possibility of recovery against Facility Corp. Plaintiffs' pleadings in their Original Petition are insufficient to cognizable causes of action against Facility Corp., as they have failed to plead specific facts giving rise to their asserted claims of breach of contract, fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel and detrimental reliance, and money had and received. Indeed, the Plaintiffs cannot plead such facts because there is no contractual privity between them and Facility Corp., Facility Corp. has not made *any* representations to the Plaintiffs, and the Plaintiffs have not given any money to Facility Corp.

5. Plaintiffs have misstated the facts in order to suggest that they have a contractual relationship with Facility Corp. But Facility Corp. is not a party to any agreements with the Plaintiffs, as Facility Corp. does not enter into any agreements with the members of the Fraternity. Facility Corp. is a completely separate entity from Theta and its local chapter, known as Beta Sigma Chapter of Kappa Alpha Theta Fraternity (the "Chapter").

6. Facility Corp.'s only connection to the Chapter, contractually or otherwise, is its lease agreement with the Chapter. *See* Chapter-Corporation Lease. This lease is for a single year, and provides for annual rent of $343,668.00, payable in two installments of $171,834.00, the first on September 15, 2022 and the second on February 15, 2023. *See id.* at p. 2.

7. The Plaintiffs and other members of the Chapter enter into Room Rental Licenses with the Chapter, but Facility Corp. is **not** a party to those Room Rental Licenses. *See* Declaration of Paulette Mueller, attached hereto as Exhibit A, ¶7. Facility Corp. does not collect rent or other payments from the members of the Chapter, and it is not involved in the activities or management of the Chapter. *Id.* Indeed, Facility Corp. has no interaction with the Chapter's members, as there is no reason for any such interaction. This is why Plaintiffs'

Original Petition is devoid of any specific facts referring to specific acts or representations by Facility Corp. or its officers.

8. At best, Plaintiffs have argued that Facility Corp. was a third-party beneficiary to the Student Does room rental licenses. *See In re Moose Oil & Gas Co.*, 613 F.3d 521, 527 (5th Cir. 2010). If true, this could entitle *Facility Corp.* to file suit against the Plaintiffs, but not vice versa.

> When a third-party beneficiary relationship is established, the third-party beneficiary, who did not sign the contract, is not liable for either signatory's performance and has no contractual obligations to either…A contract…generally binds no one except the parties to it, and courts generally cannot bind a nonparty to a contract because the nonparty never agreed to the contract's terms…[A]n action cannot be maintained against a third-party beneficiary to enforce contractual obligations.

*St. Luke's Episcopal Hosp. v. Louisiana Health Serv. & Indem. Co.*, No. CIV.A. H-08-1870, 2009 U.S. Dist. LEXIS 388, at *31-32 (S.D. Tex. 2009).

9. As there is no contractual privity between Facility Corp. and any of the Plaintiffs, the Plaintiffs cannot sue Facility Corp. for breach of contract.

10. Furthermore, as Facility Corp. does not interact or collect payments from the Chapter's members, there is no basis upon which the Plaintiffs could base their claims of fraud, fraudulent inducement, negligent misrepresentation, promissory estoppel and detrimental reliance, and money had and received. Such claims are dependent on specific allegations of representations regarding present facts. *See, e.g., Milton v. U.S. Bank National Association, et al.*, 2013 U.S. App. Lexis 1336, *6, No. 12-40742, pp. 2-4 (5th Cir., 2013) ("under Texas law, promises of future action are not actionable as a negligent-misrepresentation tort.").

11. Even if Plaintiffs were to amend their pleadings to assert a cognizable cause of action against Facility Corp., they would still be improperly joined. The Fifth Circuit has made

4

clear that additional claims raised in a post-removal amended complaint are to be disregarded when conducting an improper joinder analysis. *Akerblom v. Ezra holdings Ltd, et al.*, No. 12-20182, p. 7, 2013 U.S. App. Lexis 1911 *12 (5th Cir., 2013). Furthermore, the Court is precluded from looking beyond the pleadings alone to conduct a more summary inquiry, as this procedure is only to be used in rare circumstances when "a *defendant* can point to undisputed facts that would preclude a plaintiff's recovery against it in state court." *Akerblom*, 2013 U.S. App. Lexis 1911 *17-18 (emphasis in original). Where the state court petition is insufficient on its face, this step is unnecessary. *Id.* at *18.

### B.  The amount in controversy exceeds $75,000.00.

12. This court has jurisdiction over this matter and the amount in controversy exceeds $75,000.00 because the relief sought by the Plaintiffs—an injunction requiring Facility Corp. to provide housing to certain Plaintiffs for the 2022-2023 school year—would risk forfeiture of Facility Corp.'s ground lease to the property on which its facility is located. Furthermore, Plaintiffs' attorneys fees should be considered as part of the amount in controversy, and it is anticipated that Plaintiffs' attorneys' fees will easily exceed $75,000.00—and may have already exceeded that amount.

13. Where the plaintiff fails to demand a specific sum in its original petition, the notice of removal may assert the amount in controversy, provided it is supported by a preponderance of the evidence. *Garcia v. Koch Oil Cov. Of Tex., Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth "summary judgment type evidence" of facts in controversy that support a finding of the requisite amount.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

14. In actions seeking injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983). In determining how to value the subject property, the amount in controversy requirement may be satisfied if the amount of Plaintiff's indebtedness on the loan or the fair market value of the subject property exceeds $75,000. *See Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1048 (5th Cir. 2010).

15. As demonstrated by the attached Exhibit C, relief sought by the Plaintiffs puts at risk the remaining balance on Facility Corp.'s $5,100,000.00 indebtedness, which is secured by the facility. Therefore, it is apparent that the amount in controversy exceeds $75,000.00.

16. Plaintiffs also seek attorneys' fees. *Pls' Orig. Pet.* at ECF Doc. No. 1-5, p. 25. Attorneys' fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See, Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Similar cases have awarded attorneys` fees exceeding the jurisdictional minimum.[1] For this reason alone, it is facially apparent from the Petition that Plaintiffs' claims exceed the jurisdictional threshold.

17. Facility Corp. categorically denies that Plaintiffs are entitled to an award of damages in any amount whatsoever, but there can be no question that Plaintiffs' Petition places an amount in controversy that significantly exceeds $75,000.00.

## CONCLUSION

Based on the foregoing, removal was proper and this Court has jurisdiction under 28 U.S.C. § 1332. Facility Corp. prays that this Court deny Plaintiffs' Motion to Remand in its

---

[1] *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas.

entirety. Facility Corp. further prays that this Court grant such other relief to which Facility Corp. may be entitled.

Respectfully submitted,

John M. Lynch
Texas Bar No. 24063968
John.Lynch@lewisbrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
2100 Ross Avenue, Suite 2000
Dallas, TX 75201
(214) 722-7124 - Telephone
(214) 722-7111 - Fax

**ATTORNEYS FOR DEFENDANT
BETA SIGMA FACILITY CORPORATION
OF KAPPA ALPHA THETA**

### Certificate of Service

I certify that a true and correct copy of the foregoing document was served in accordance with the Federal Rules of Civil Procedure on August 17, 2022, *via CM/ECF*, on the following:

| | |
|---|---|
| Rogge Dunn | Robert A. Bragalone |
| dunn@trialtested.com | bbragalone@grsm.com |
| Greg McAllister | Jason E. Winford |
| mcallister@roggedunngroup.com | jwinford@grsm.com |
| ROGGE DUNN GROUP, PC | GORDON & REES |
| 500 N. Akard Street, Suite 1900 | 2200 Ross Ave, Suite 3700 |
| Dallas, TX 75201 | Dallas, TX 75201 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |
| | *Kappa Alpha Theta Fraternity, Inc.* |

John M. Lynch