201500292256

DT 1/8

11/02/2015 10:19:29 AM

**NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM ANY INSTRUMENT THAT TRANSFERS AN INTEREST IN REAL PROPERTY BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER**

## Leasehold Deed of Trust

*KTT - NBY*

### Terms

Date: October 30, 2015

Grantor: **BETA SIGMA FACILITY CORPORATION OF KAPPA ALPHA THETA**
(formerly known as Theta Educational Foundation of Southern Methodist University)

Grantor's Mailing Address:   3108 University Boulevard, Dallas, Texas 75205

Trustee:                     Chris Regis

Trustee's Mailing Address:   6425 Boaz Lane, Dallas County, Texas 75205

Grantee:                     Southern Methodist University, a Texas nonprofit corporation

Grantee's Mailing Address:   P.O. Box 750505, Dallas, Texas 75275-0505

Reimbursement Agreement:  Reimbursement Agreement dated of even date herewith, in which Grantor agrees to reimburse Grantee for all amounts paid by Grantee under that certain Limited Guaranty between Grantee and PlainsCapital Bank, a Texas state bank ("Lender"), guaranteeing Grantor's obligations under that certain Promissory Note dated of even date herewith, in the aggregate original principal amount of up to $5,100,000.00 delivered to Lender (the "Note") by Grantor and maturing on the later of February 2, 2027 or the date on which the Grantor has fulfilled its obligations under the Note.

Property (including any improvements):   Grantor's leasehold interest in the property more particularly described in Exhibit A attached hereto, and all buildings and other improvements now or hereafter placed on said Property pursuant to that certain lease agreement dated December 14, 1950, recorded April 3, 1951 as Instrument No. 40385 in the Deed Records of Dallas County, Texas, as amended by that certain First Amendment to Lease Agreement of even date herewith (s aid lease agreement, together with any exhibits, supplements, addenda and attachments thereto, being herein collectively referred to as the "Ground Lease").

Other Exceptions to Conveyance and Warranty: The matters affecting the Property of record in the Deed Records of Dallas County, Texas as approved by Grantee, in Grantee's sole discretion.

For value received and to secure payment of Grantor's obligations under the Reimbursement Agreement, Grantor conveys the Property to Trustee in trust.  Grantor warrants and agrees to

Leasehold Deed of Trust - Page 1 of 8

defend the title to the Property, subject to the Other Exceptions to Conveyance and Warranty. On payment of Grantor's obligations under Reimbursement Agreement and all other amounts secured by this deed of trust, this deed of trust will have no further effect, and Grantee will release it at Grantor's expense.

**Clauses and Covenants**

**A.      Grantor's Obligations**

Grantor agrees to—

1.      keep the Property in good repair and condition;

2.      pay all taxes and assessments on the Property before delinquency;

3.      defend title to the Property subject to the Other Exceptions to Conveyance and Warranty and preserve the lien's priority as it is established in this deed of trust;

4.      comply with all insurance provisions contained in the Ground Lease;

5.      obey all laws, ordinances, and restrictive covenants applicable to the Property;

6.      keep any buildings occupied as required by all insurance policies;

7.      if the lien of this deed of trust is not a first lien, pay or cause to be paid all prior lien notes and abide by or cause to be abided by all prior lien instruments; and

8.      promptly pay all obligations that might give rise to liens against the Property and promptly cause to be removed any liens filed against the Property as a result of Grantor's construction or other activities on the Property.

**B.      Grantee's Rights**

1.      Grantee may appoint in writing a substitute trustee, succeeding to all rights and responsibilities of Trustee.

2.      If the proceeds of the Note are used to pay any debt secured by prior liens, Grantee is subrogated to all the rights and liens of the holders of any debt so paid.

3.      Grantee may apply any proceeds received under the insurance policy either to reduce the Grantor's obligations under the Reimbursement Agreement or to repair or replace damaged or destroyed improvements covered by the policy.  If the Property is Grantor's primary residence and Grantee reasonably determines that repairs to the improvements are economically feasible, Grantee will make the insurance proceeds available to Grantor for repairs.

4.      Notwithstanding Note or Reimbursement Agreement terms to the contrary, and unless applicable law prohibits, all payments received by Grantee from Grantor under the

Leasehold Deed of Trust - Page 2

Reimbursement Agreement or this deed of trust may, at Grantee's discretion, be applied first to amounts payable under this deed of trust and then to amounts due and payable to Grantee under the Reimbursement Agreement, to be applied to late charges, principal, or interest in the order Grantee in its discretion determines.

5.      If Grantor fails to perform any of Grantor's obligations, Grantee may perform those obligations and be reimbursed by Grantor on demand for any amounts so paid, including attorney's fees, plus interest on those amounts from the dates of payment at the rate stated in the Reimbursement Agreement for matured, unpaid amounts.  The amount to be reimbursed will be secured by this deed of trust.

6.      If there is a default on the Reimbursement Agreement or if Grantor fails to perform any of Grantor's obligations thereunder, and the default continues after the expiration of ten (10) days, in the event of any monetary default, or thirty (30) days, in the event of any non-monetary default, following written notice thereof from Grantee to Grantor (provided that if any non-monetary default is susceptible of being remedied, but such remedy cannot reasonably be accomplished within the initial 30-day cure period, then no default shall be deemed to have occurred so long as Grantor is diligently pursuing such remedy and is successful in curing the default to the reasonable satisfaction of Grantee within such additional period of time as may be necessary to effect the remedy, not to exceed in any event an additional sixty (60) days following the end of the initial 30-day cure period), Grantee may—

        a.      declare any amounts due from Grantor to Grantee under th e Reimbursement Agreement immediately due;

        b.      direct Trustee to foreclose this lien, in which case Grantee or Grantee's agent will cause notice of the foreclosure sale to be given as provided by the Texas Property Code as then in effect; and

        c.      purchase the Property at any foreclosure sale by offering the highest bid and then have the bid credited on the Reimbursement Agreement.

Grantor agrees that a breach of its obligations under the Reimbursement Agreement, after notice and an opportunity to cure as provided above, shall constitute a default under the Ground Lease, and shall entitle SMU to exercise all remedies under the Ground Lease. In lieu of foreclosure, Grantee may exercise Grantee's remedies under the Ground Lease, for non-payment of any amounts due from Grantor to Grantee pursuant to the Reimbursement Agreement, as if the Reimbursement Agreement and the obligations of Grantor thereunder were expressly described in the Ground Lease.

7.      Grantee may remedy any default without waiving it and may waive any default without waiving any prior or subsequent default.

**C.      Trustee's Rights and Duties**

If directed by Grantee to foreclose this lien, Trustee will—

1.      either personally or by agent give notice of the foreclosure sale as required by the Texas Property Code as then in effect;

2.      sell and convey all or part of the Property "AS IS" to the highest bidder for cash with a general warranty binding Grantor, subject to prior liens and to the Other Exceptions to Conveyance and Warranty and without representation or warranty, express or implied, by Trustee;

3.      from the proceeds of the sale, pay, in this order—

      a.      expenses of foreclosure, including a reasonable commission to Trustee;

      b.      to Grantee, the full amount of principal, interest, attorney's fees, and other charges due and unpaid;

      c.      any amounts required by law to be paid before payment to Grantor; and

      d.      to Grantor, any balance; and

4.      be indemnified by Grantee against all costs, expenses, and liabilities incurred by Trustee for acting in the execution or enforcement of the trust created by this deed of trust, which includes all court and other costs, including attorney's fees, incurred by Trustee in defense of any action or proceeding taken against Trustee in that capacity.

If Grantee elects to exercise its remedies under the Ground Lease as amended above in lieu of foreclosure, the Trustee shall take all action required to enable Grantee to exercise its remedies under the Ground Lease.

**D.      General Provisions**

1.      If any of the Property is sold under this deed of trust, Grantor must immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor will become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

2.      Recitals in any trustee's deed conveying the Property will be presumed to be true.

3.      Proceeding under this deed of trust, filing suit for foreclosure, or pursuing any other remedy will not constitute an election of remedies.

4.      This lien will remain superior to liens later created even if the time of payment of all or part of the Grantor's obligations under the Reimbursement Agreement are extended or part of the Property is released.

Leasehold Deed of Trust - Page 4

5.      If any portion of the Grantor's obligations under the Reimbursement Agreement cannot be lawfully secured by this deed of trust, payments will be applied first to discharge that portion.

6.      Grantor assigns to Grantee all amounts payable to or received by Borrower from condemnation of all or part of the Property, from private sale in lieu of condemnation, and from damages caused by public works or construction on or near the Property.  After deducting any expenses incurred, including attorney's fees and court and other costs, Grantee will either release any remaining amounts to Grantor or apply such amounts to reduce the Grantor's obligations under the Reimbursement Agreement.  Grantee will not be liable for failure to collect or to exercise diligence in collecting any such amounts.  Grantor will immediately give Grantee notice of any actual or threatened proceedings for condemnation of all or part of the Property.

7.      Grantor assigns to Grantee absolutely, not only as collateral, all present and future rent and other income and receipts from the Property.  Grantor warrants the validity and enforceability of the assignment.  Grantor may as Grantee's licensee collect rent and other income and receipts as long as Grantor is not in default under the Reimbursement Agreement or this deed of trust.  Grantor will apply all rent and other income and receipts to payment of the Grantor's obligations under the Reimbursement Agreement and performance of this deed of trust, but if the rent and other income and receipts exceed the amount due under the Grantor's obligations under the Reimbursement Agreement and deed of trust, Grantor may retain the excess.  If Grantor defaults in payment of the Grantor's obligations under the Reimbursement Agreement or performance of this deed of trust, Grantee may terminate Grantor's license to collect rent and other income and then as Grantor's agent may rent the Property and collect all rent and other income and receipts.  Grantee neither has nor assumes any obligations as lessor or landlord with respect to any occupant of the Property.  Grantee may exercise Grantee's rights and remedies under this paragraph without taking possession of the Property.  Grantee will apply all rent and other income and receipts collected under this paragraph first to expenses incurred in exercising Grantee's rights and remedies and then to Grantor's obligations under the Grantor's obligations under the Reimbursement Agreement and this deed of trust in the order determined by Grantee.  Grantee is not required to act under this paragraph, and acting under this paragraph does not waive any of Grantee's other rights or remedies.  If Grantor becomes a voluntary or involuntary debtor in bankruptcy, Grantee's filing a proof of claim in bankruptcy will be deemed equivalent to the appointment of a receiver under Texas law.

8.      Interest on the debt secured by this deed of trust will not exceed the maximum amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law.  Any interest in excess of that maximum amount will be credited on the principal of the debt or, if that has been paid, refunded.  On any acceleration or required or permitted prepayment, any such excess will be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded.  This provision overrides any conflicting provisions in this and all other instruments concerning the debt.

9.      In no event may this deed of trust secure payment of any debt subject to chapters 342, 343, 345, or 346 of the Texas Finance Code or create a lien otherwise prohibited by law.

Leasehold Deed of Trust - Page 5

10.     When the context requires, singular nouns and pronouns include the plural.

11.     The term "Reimbursement Agreement" includes all extensions and renewals of the Reimbursement Agreement and all amounts secured by this deed of trust.

12.     This deed of trust binds, benefits, and may be enforced by the successors in interest of all parties.

13.     Grantor and each surety, endorser, and guarantor of the Reimbursement Agreement waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

14.     Grantor agrees to pay reasonable attorney's fees, trustee's fees, and court and other costs of enforcing Grantee's rights under this deed of trust if this deed of trust is placed in the hands of an attorney for enforcement.

15.     If any provision of this deed of trust is determined to be invalid or unenforceable, the validity or enforceability of any other provision will not be affected.

16.     Grantor represents that this deed of trust is given for the following purposes: to secure Reimbursement Agreement of even date herewith.

17.     The parties acknowledge that the parties will need to agree amend the legal description of the Property as described on Exhibit A to exclude the existing parking area and adjacent sidewalk area.  After Grantor receives the updated legal description and survey reasonably approved by Grantor and Grantee, Grantee hereby agrees to cooperate in a timely manner with Grantor to correct the legal description in Exhibit A.  Upon such amendment, a memorandum of the amendment to the Ground Lease shall be recorded in the Deed Records of Dallas County, Texas.


[Remainder of Page Intentionally Left Blank. Signature and Notary Page Follows.]

IN WITNESS WHEREOF, Grantor has caused its duly authorized representative to execute this Leasehold Deed of Trust as of the date set forth above.

**BETA SIGMA FACILITY CORPORATION
OF KAPPA ALPHA THETA,**
a Texas nonprofit corporation

By: *Paulette Mueller*
Name: *PAULETTE MUELLER*
Title: *PRESIDENT*

Address:      3108 University Boulevard, Dallas,
              Texas 75205

STATE OF TEXAS            §
                          §
COUNTY OF DALLAS          §

    The foregoing instrument was acknowledged before me this _30th_ day of October, 2015, by _PAULETTE MUELLER_, as _PRESIDENT_ of **BETA SIGMA FACILITY CORPORATION OF KAPPA ALPHA THETA**, a Texas nonprofit corporation, on behalf of said corporation.

[S E A L]

My Commission Expires:

_Dianne Miller_
Notary Public, State of Texas


_____
Printed Name of Notary Public

DIANNE MILLER
Notary Public
STATE OF TEXAS
My Comm. Exp. July 15, 2016

Leasehold Deed of Trust – Signature Page

## EXHIBIT A

## Legal Description of the Property

Lot 1, Block A, SMU Sorority Place, a subdivision of parts of Tracts 2 and 3 of the Frances Daniel Partition and a re-plat of part of Block A of Berkley Addition to the City of University Park, Dallas County, Texas.

Filed and Recorded
Official Public Records
John F. Warren, County Clerk
Dallas County, TEXAS
11/02/2015 10:19:29 AM
$54.00

201500292236

Leasehold Deed of Trust, Exhibit A – Solo Page