THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JANE DOES 1, 2, 3, 4, 5, 6, 7, 8, and 9 and PARENT DOES 1, 2, 3, 4, and 5, | § § § § § | |
| *Plaintiffs*, | § | |
| v. | § § | No. 3:22-cv-01782-M |
| KAPPA ALPHA THETA FRATERNITY, INC. and BETA SIGMA CHAPTER of KAPPA ALPHA THETA FRATERNITY, INC., and BETA SIGMA FACILITY CORPORATION OF KAPPA ALPHA THETA FRATERNITY, INC., | § § § § § § § § § § | |
| *Defendants*. | § | |

### PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S EMERGENCY MOTION FOR REMAND

Plaintiffs JANE DOES 1, 2, 3, 4, 5, 6, 7, 8, and 9 and PARENT DOES 1, 2, 3, 4, and 5 (collectively, "Plaintiffs") file this supplemental brief (and request for related relief) supporting Plaintiffs' Emergency Motion for Remand ("Motion for Remand") [Dkt. 5], which requests the Court to remand this case to Case No. CC-22-03989-A, County Court of Law No. 1, Dallas County, Texas ("State Court") from which it was removed by Defendant on August 15, 2022.

### SUMMARY

At the beginning of this week, the parties were in State Court and Defendants were facing the prospect of losing a temporary injunction hearing on Wednesday. So, Defendant Kappa Alpha Theta Fraternity, Inc. ("Defendant Theta") filed removal only two days before that hearing. Defendants thought they had "won" by removing because it seemed that the TRO would expire before an injunction hearing. But after removal, Plaintiffs asked the Court to extend the TRO; Defendants remained silent, hoping the TRO could expire before any extension or hearing.

Their strategy had failed. *After* this Court extended the TRO, Defendant Beta Sigma Facility Corporation of Kappa Alpha Theta Fraternity, Inc. ("Defendant Facility Corporation") asked for an emergency hearing. At the hearing, Defendants argued for a premature "ruling" on Plaintiffs' Motion for Remand because Defendants want *any* "ruling" to cause the the Temporary Restraining Order (TRO) to expire. Dkt. 10 at p. 6 (Order extending TRO). As a result, Plaintiffs would not have the protection of the TRO to move into their sorority house this Saturday. Defendants know that certain Plaintiffs do not have a residence to move into this weekend, or for the first month of school, but Defendants are determined to deprive Plaintiffs of Court-ordered protection that has been provided by the State Court and this Court. Plaintiffs simply hope their gamesmanship can cause the TRO to end before a preliminary (or temporary) injunction hearing can be held.

Plaintiffs respectfully ask the Court:

(a) to extend the TRO if the Court makes a ruling on the Motion for Remand or

(b) consider any jurisdictional issues while not ruling on the Motion for Remand until either the briefing schedule expires [Dkt. 13] or Plaintiffs have at least two business days before filing a reply to whatever evidence is submitted by Defendant(s) in any belated attempt to establish its burden with "summary judgment-type evidence."

## ARGUMENT AND AUTHORITY[1]

1. To defeat remand, Defendant Theta must successfully argue <u>both</u> of its points that (a) Defendant Beta Sigma Facility Corporation was fraudulently joined and (b) the amount in controversy exceeds $75,000. But both arguments fail.

**Defendant Theta Fails to Meet its Burden to <u>Show an Amount in Controversy Exceeding $75,000</u>**

2. This Court is familiar with the relevant standards to determine the amount in controversy:

> To determine the amount in controversy, courts look first to the state court petition. When the petition does not state the dollar amount of damages sought, courts analyze the notice of removal. Where the notice of removal alleges an amount in controversy, and the amount is not contested, courts accept the removing party's allegation. However, where the amount in controversy is contested, " '[r]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold."

*Moore v. Gladiator Events, LLC*, No. 3:15-CV-01877-M, 2015 WL 5459625, at *1 (N.D. Tex. Sept. 15, 2015) (Lynn, J.) (citations omitted).

3. As the removing party, Defendant Theta may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim more likely than not exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount."

4. The first point is unavailable to Defendant and the second point requires Defendant to establish "summary judgment-type evidence showing that the facts in controversy support a finding of damages in excess of $75,000. *Kaiser v. State Farm Mut. Auto. Ins. Co.*, No. A-21-CV-01099-RP, 2022 WL 2719631, at *3 (W.D. Tex. Jan. 21, 2022), *report and recommendation adopted,* No. 1:21-CV-1099-RP, 2022 WL 2761369 (W.D. Tex. Feb. 17, 2022) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253-54 (5th Cir. 1998); *Cavazos*, 2017 WL

---

[1] To prevent redundancy, Plaintiffs incorporate factual and procedural background described in the Motion for Remand. Dkt. 5.

11317904, at *1.

5. In that case, the defendant failed to submit "summary judgement-type evidence in support of its removal" and the case was remanded. *Id.*

6. Plaintiffs in Texas must plead one of five categories; only one category is for "only non-monetary relief." *Butler*, 2022 WL 912690, at *4 (explaining TEX. R. CIV. P. 47).

7. Here, Plaintiffs plead only non-monetary relief. As noted in the Petition, the **primary focus of this lawsuit is the injunctive relief to obtain the safe, convenient, high-quality housing on-campus pursuant to the Room Rental Licenses** which that the Jane Does entered into. At this point, the Jane Does' damages are minimal. If they live in the Theta house, then their damages would be limited to forfeiting their deposit and first months' rent reduced by whatever they could save if they were to sublet their less than desirable alternative housing. Currently there are three to five Jane Doe Plaintiffs who want to live in the Theta house. Their damages are approximately $5,000 each. Thus, Plaintiffs' total damages range from approximately $15,000 to $25,000. That total damage model would likely be reduced somewhat as those plaintiffs could find someone to sublet that alternative housing.

8. Because the face of Plaintiffs' pleading does not show the requisite amount in controversy, Defendant Theta is forced to overreach. It asserts that Plaintiffs seek recovery of attorneys' fees to assert the amount in controversy. But it fails to establish "summary judgment-type evidence showing that the facts in controversy support a finding of damages in excess of $75,000." *See Kaiser*, 2022 WL 2719631, at *3.

9. Indeed, Defendants merely speculate about potential fee recovery but that is insufficient. *See Fraire v. Travelers Home & Marine Ins. Co.*, No. EP-13-CV-00388-DCG, 2014 WL 12673695, at *5 (W.D. Tex. Feb. 12, 2014). That case required the defendant to "provide specific evidence of the amount of attorney's fees or court costs that might be owed to the plaintiff" but

that defendant "failed to do so and instead relies upon a mere assertions," which were "insufficient to meet [the defendant's] burden to provide 'summary judgment type' evidence establishing the amount in controversy." *Id.*

10. Moreover, Defendants' argument ignores the *application* of the law. Only <u>one</u> of Plaintiffs' claims (breach of contract) allows for the recovery of attorneys' fees. *See* TEX. CIV. PRAC. REM. § 38.001, et. seq. To do so, Plaintiffs are required to provide a presentment letter – they have not done so because they are seeking solely injunctive relief and further reflects Defendants' improperly conclusory and speculative argument. *See* TEX. CIV. PRAC. REM. § 38.001-02. Moreover, this Court does not automatically find there is amount in controversy when total possible monetary damages are relatively low. *See e.g., Adkins v. United Airlines, Inc.*, No. 3:13-CV-4255-M, 2014 WL 803460, at *3 (N.D. Tex. Feb. 28, 2014) (Lynn, J) (fees were recoverable but not enough to defeat remand: "given the small amount of back pay at issue and the absence of evidence from Defendant as to the potential for a significant recovery by Plaintiff of other categories of damages, the Court cannot conclude that the amount in controversy in this case will exceed $75,000) (citing *Rodriguez v. Conagra Foods, Inc.,* No. 4:02–CV–752–A, 2002 WL 31548746, at *2 (N.D. Tex. Nov.12, 2002) (McBryde, J.) ("The court is not inclined to speculate or assume the amount in controversy so as to improvidently confer diversity jurisdiction.").

11. Also, because there are non-contractual claims, Plaintiffs cannot recover their attorneys' fees incurred on those claims. *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *7 (E.D. Tex. Aug. 10, 2020) ("A party seeking attorneys' fees is "required to segregate fees between claims for which they are recoverable and claims for which they are not.").

12. Living in the Theta House is a unique situation because it is a very nice facility located on campus, such that renters can walk to classrooms. The students know that they can walk

down from their rooms in slippers and pajamas and get a meal. Whereas, Plaintiffs in a dorm room at SMU, need have to get dressed, leave dorm room, and endure the elements such as rain, heat, and inclement weather while walking to the cafeteria to eat. Thus, Plaintiffs' damages are incalculable.[2]

13. Moreover, both Defendant Facility Corporation insists it cannot be held liable for breach of contract (and thus attorneys' fees) – but speaks out of the other side of its mouth when claiming fees are the actual amount in controversy.

14. As further discussed in the Motion for Remand, Defendants' other claim for damages is based on the amount of money that Plaintiffs would be **reimbursed** for not living in the Theta House. Dkt. 1 at ¶13. That is the opposite of damages.[3]

**Defendant Beta Sigma Facility Corporation was not fraudulently joined**

15. Plaintiffs' Motion to Remand more fully discusses relevant burdens and summarizes here to remind that Defendant Theta's allegation of fraudulent joinder requires it to meet a "heavy burden. *Bingabing v. Est. of Warren*, No. 3:20-CV-0951-B, 2020 WL 3639662, at *1 (N.D. Tex. July 6, 2020) (Boyle, J).

16. Defendant Facility Corporation cannot hide from what they have done; they try anyway. It misrepresents to the Court that Defendant Facility Corporation's "only connection the Chapter, contractually or otherwise, its lease agreement with the Chapter." Dkt. 23, ¶6. But that is wrong.

17. Both Defendants mislead and fail to disclose that—**under Defendant Theta's own**

---

[2] Ex. A.
[3] Defendant Theta distracts by pointing to other general remedy language that, as the Northern District has noted, is not relevant to an analysis for removing the case from a plaintiff's choice of forum. *See Butler,* 2022 WL 912690, at *5 (N.D. Tex. Mar. 29, 2022) ("The section or part of Plaintiff's Petition that seeks recovery for damages is nothing more than boilerplate language that the court has seen hundreds of times, and plaintiffs, for some reason, often believe such broad and conclusory allegations are sufficient for the court to reasonably infer that more likely than not the amount in controversy exceeds $75,000. Such allegations do nothing to assist the court in making a reasonable inference regarding jurisdiction.").

**Bylaws—Defendant Theta and Defendant Facility Corporation are "affiliated."** Dkt. 1-5 at 114 (Defendant Theta's Bylaws, Article VI).

18. Indeed, Defendant Theta's Constitution explains that Defendant Beta Sigma Facility Corporation, like other chapter facility corporations, was "established and incorporated as non-profit corporations to hold title to or to rent real and/or personal property." Dkt. 1-5 at 44 (Constitution, Article VII, §1).

19. Also, Defendant Facility Corporation has the "responsibility and authority" to "provide and maintain" the sorority house and "establish the facility fee to be paid to it by members of the college chapter and establish rent to be paid to it by the college chapter." Dkt. 1-5 at 44 (Constitution, Article VII, §3).

20. Despite Defendant Facility Corporation's extensive connections, affiliations, and obligations under the Bylaws, Defendant Facility Corporation makes no citations to those Bylaws or Constitution in Defendant Facility Corporation Response to the Motion for Remand. *See* Dkt. 23.

21. For example, Defendant Facility Corporation specifically made misrepresentations, as well as statements, the Plaintiffs relied upon – and did so to their detriment. That happened as recently as July 9, 2022, when Ms. Mueller (the representative signing declarations for Defendant Facility Corporation in this case) made representations that the Theta House would be available. Ex. B. She made other representations later in July that further served to cause harm to Plaintiffs. Ex. C. That contradicts Defendant Facility Corporation's claim that it does not even interact with Plaintiffs. Dkt. 23, ¶7, 10.

22. Plaintiffs hereby submit an Affidavit from one of the Jane Does confirming that material representations were made by Defendant Facility Corporation that induced Plaintiffs not to seek alternative housing arrangements. Ex. A. This includes oral and written statements by

Defendant Facility Corporation. One of those written statements is attached to the client's Declaration. In that written representation from the Defendant Facility Corporation Paulette Mueller -- who provided an Affidavit for Defendant Facility Corporation states. In that July 9 e-mail, Anne Besser states:

> "Please know that the Board of the Beta Sigma Facility Corporation is actively working with SMU *to ensure* that your License Agreement <u>Subleases</u> <u>will</u> <u>be</u> <u>honored</u> *regardless of the status* of the Beta Sigma Chapter of Kappa Alpha Theta. We are working with SMU on a <u>plan</u> <u>to</u> <u>operate</u> <u>the</u> <u>house</u> ***even*** ***if*** ***the*** ***Beta*** ***Sigma*** ***Chapter of Kappa Alpha Theta is*** <u>***suspended from operations***</u>."

Ex. A.

23. .Defendant Theta argues that Defendant Beta Sigma Facility Corporation "was improperly or fraudulently joined because Plaintiffs have no contracts with Facility Corporation, and Facility Corporation did not make any alleged misrepresentation, conduct any investigation, or impose any discipline against the student Jane Does." Dkt. 1 at ¶9. For sake of efficiency, Plaintiffs do not repeat other facts and arguments, but incorporates, from the Motion for Remand.

24. Defendant Theta's conclusory argument fails to meet its **mandatory** (*i.e.*, "must") "heavy burden." *Id.* Indeed, that conclusory argument ignores *Defendant Theta's own pleadings* and testimony.

## **PRAYER**

For the foregoing reasons, Plaintiffs pray that the Court:

a. to extend the TRO if the Court makes a ruling on the Motion for Remand or

b. consider any jurisdictional issues while not ruling on the Motion for Remand until either the briefing schedule expires [Dkt. 13] or Plaintiffs have at least three business days before filing a reply to whatever evidence is submitted by Defendant Theta in its belated attempt to establish its burden with "summary judgment-type evidence." and

c. grants Plaintiffs any further relief to which the Court finds Plaintiffs justly entitled.

Respectfully submitted,

*[signature]*

**ROGGE DUNN**
State Bar No. 06249500
Email: dunn@trialtested.com

**GREG McALLISTER**
State Bar No. 24071191
Email: mcallister@roggedunngroup.com

**ROGGE DUNN GROUP, PC**
500 N. Akard Street, Suite 1900
Dallas, Texas 75201
Telephone: (214) 888-5000

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This certifies that a true and correct copy of the above and foregoing instrument was served on the Parties' counsel of record pursuant to the Rules, on this 18th day of August 2022 via ECF.

*s/ Greg McAllister*
**GREG McALLISTER**